NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 18-3677

HAI JIE CHEN,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
Agency No. A076-731-603
Immigration Judge: Honorable Jill H. Dufresne

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 25, 2019

_____

Before: SMITH, *Chief Judge*, CHAGARES, and GREENAWAY, JR., *Circuit Judges*.

(Filed: August 9, 2019)

_____

OPINION*

_____

GREENAWAY, JR., *Circuit Judge*.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Petitioner Hai Jie Chen seeks review of the November 14, 2018 decision of the Board of Immigration Appeals ("BIA"), which dismissed his appeal of an Immigration Judge's ("IJ") denial of his second motion to reopen. The BIA did not abuse its discretion; therefore, we will deny Chen's petition.

I.

Chen is a native and citizen of the People's Republic of China who first arrived in the United States by way of Calexico, California in 1998. Once removal proceedings were initiated against him, Chen sought asylum and other forms of relief, but subsequently withdrew his applications. On January 13, 2000, an IJ granted him voluntary departure with an alternate removal order to China. Chen violated the terms of his voluntary departure by remaining in the United States past the May 12, 2000 deadline, and thereafter the IJ's voluntary departure order became a final order of removal.

On August 4, 2008, Chen moved to reopen his case on the basis that he had converted to Christianity after his arrival in the United States, and the Chinese authorities had threatened his family in China due to his religious beliefs. On August 27, 2008, an IJ denied Chen's first motion to reopen, concluding that he had failed to present a change in circumstances that materially affected his eligibility for the relief he sought because he had shown only a possibility of persecution if he returned to China. On May 23, 2016, Chen filed his second motion to reopen his case, arguing that country conditions in China had significantly worsened for Christian individuals. On October 11, 2017, a different IJ

denied Chen's second motion to reopen, concluding that his motion was time-barred, number-barred, and that his arguments were based on changed personal circumstances rather than changed country conditions. The BIA affirmed without a written opinion on March 29, 2018.

Chen petitioned for review, and this Court granted him a stay of removal pending appeal. The Government moved for a remand to the BIA, which was granted. On remand, the BIA issued a written opinion rejecting Chen's changed country conditions argument. This timely appeal followed.

## II.[1]

We review the denial of a motion to reopen in an immigration case for abuse of discretion. *See INS v. Doherty*, 502 U.S. 314, 323-24 (1992); *Pllumi v. Att'y Gen.*, 642 F.3d 155, 158 (3d Cir. 2011). We consider the BIA to have abused its discretion if its decision is "arbitrary, irrational, or contrary to law." *Pllumi*, 642 F.3d at 158 (citation omitted). "To determine if the BIA abused its discretion in finding that [the Petitioner] did not present evidence to establish a material change in country conditions, we must determine if the BIA meaningfully considered the evidence and arguments [the Petitioner] presented." *Zhu v. Att'y Gen.*, 744 F.3d 268, 272 (3d Cir. 2014) (citing *Zheng*

---

[1] The IJ had jurisdiction to review the motion to reopen pursuant to 8 C.F.R. § 1003.23, and the BIA had jurisdiction to review the appeal pursuant to 8 C.F.R. § 1003.1(b)(3). The Court has jurisdiction to review the BIA's decision pursuant to 8 U.S.C. § 1252(a)(1).

3

*v. Att'y Gen.*, 549 F.3d 260, 266 (3d Cir. 2008)). We conclude that the BIA satisfies this requirement when it "provide[s] an indication that it considered such evidence, and if the evidence is rejected, an explanation as to why it was rejected." *Id.*

Generally, a petitioner may file only one motion to reopen proceedings, within 90 days after the date of a final administrative decision. 8 U.S.C. § 1229a(c)(7)(A)-(C). However, a change in country conditions in the country to which a petitioner has been ordered removed may provide an exception to those time and number restrictions, where evidence of changed country conditions "is material and was not available and could not have been discovered or presented at the previous proceeding." 8 C.F.R. § 1003.23(b)(4)(i).

### III.

Here, the BIA's November 14, 2018 decision provides the requisite indication that it considered the arguments and evidence presented by Chen. The BIA concluded that although Chen had "proffered evidence of concerning conditions," religious suppression had been "a longstanding condition in China;" and therefore Chen failed to "establish a material change in country conditions since the time of the 2000 hearing." A.R. 4. The BIA also determined that Chen had not provided any evidence addressing "the current targeting of Christians in Fujian Province," which is Chen's home province. A.R. 5. Accordingly, the BIA held that the evidence provided by Chen did not satisfy his burden under 8 C.F.R. § 1003.23(b)(4)(i). The BIA satisfied its burden to meaningfully consider

4

the evidence and arguments presented by Chen as required in this Circuit; therefore, it did

not abuse its discretion.  *See Zhu*, 744 F.3d at 272.

IV.

For the foregoing reasons, we will deny the petition for review.[2]

---

[2] In so holding, we will not reach the merits of Chen's claims for relief since Chen did not meet the exception to the timeliness and numerical bars prohibiting his second motion to reopen his case as set forth in 8 C.F.R. § 1003.23(b)(4)(i).